# IN THE UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# TAMPA DIVISION

| | |
|---|---|
| JEREMIAH'S INTERNATIONAL TRADING COMPANY, INC., <br><br> Plaintiff, <br><br> v. <br><br> REN MEDIA GROUP USA, INC., <br><br> Defendant. | No. 8:17-cv-2234-T-30TBM |

## DECLARATION OF DMITRY A. LESNEVSKY

Dmitry A. Lesnevsky, pursuant to 28 U.S.C. § 1746, declares under penalty of perjury as follows:

1. I am Chairman of Ren Media Group USA, Inc. ("RMG")'s Board of Directors and one of its two principal owners. The other principal owner is my wife, Elena Lesnevsky. My wife and I reside in St. Petersburg, Florida, with our two children.

2. I have reviewed the Declaration of Jerry P. Hartman Under Penalty of Perjury dated November 5, 2017 (the "November 5 Hartman Declaration" [ECF No. 22-2]). I submit this Declaration in opposition to the November 5 Hartman Declaration. I have personal knowledge of the facts set forth below and, if called to testify, I could and would testify thereto.

3. In January 2017, RMG entered into an asset purchase agreement ("APA") with Jeremiah's International Trading Company, Inc., doing business as America's Auction Network ("JITC"), for acquisition of certain JITC assets related to operation of a television auction business. Based on records and information made available to me after RMG took control of the business in April 2017 and commenced operations, I concluded that JITC had misrepresented the financial position of the business; that the business was operating at a loss; and that its situation was precarious. For the next few months, I continued to subsidize operations of the business in an effort to stabilize it.

4. Commencing in October 2017, RMG was in negotiations with a potential investor. Accordingly, RMG made a concerted effort to maintain its business. However, around 7 or 8 p.m. on the evening of November 2, 2017, it became clear that the contemplated transaction with the potential investor would not close immediately and we discussed closing the operations of the business on the following day. On the morning of November 3, we made the final decision to go off the air and we informed RMG's staff. Around 5 p.m. on Friday RMG also gave notice that it was going off the air to its carriers. RMG went off the air about 10 p.m. on November 3.

5. After I made a decision to wind up operations, I instructed RMG's employees to segregate all merchandise obtained on consignment and ship the same to its suppliers. As of the date of this Declaration, RMG has returned the majority of its

consignment merchandise, and it anticipates returning the balance by the end of this week.

6.  RMG has always complied with its obligations under the APA to provide JITC with the Sell-Off hours to sell off its inventory, provided that, in compliance with the APA, the proceeds of such sales would be deposited in RMG's merchant account for processing.

7.  In Paragraph 17 of the November 5 Hartman Declaration, Mr. Hartman asserts that RMG "cut off [JITC's] access to orders." JITC has had and continues to have information about its sales, and presumably, it keeps track of its own orders. Under the APA, Mr. Hartman has no right to access RMG's internal databases. RMG received no requests for information from JITC, let alone any requests to which it failed to respond.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this eighth day of November 2017, in Clearwater, Florida.

/s/ Dmitry A. Lesnevsky
Dmitry A. Lesnevsky
Chairman of Board
Ren Media Group USA, Inc.